JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARSHA JAREMENKO, IN HER CAPACITY AS EXECUTRIX OF THE ESTATE OF GERALD JAREMENKO

### DEFENDANTS
PARKLAND MANOR LLC

**(b)** County of Residence of First Listed Plaintiff  WARREN COUNTY, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  LEHIGH COUNTY, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MARC I. RICKLES, ESQUIRE - BEGLEY CARLIN & MANDIO, LLP
123 W. BRIDGE STREET, NEW HOPE, PA 18938
215-862-0701, MRICKLES@BEGLEYCARLIN.COM

Attorneys *(If Known)*
JOEL B. WEINER, ESQUIRE
840 HAMILTON STREET, SUITE 521
ALLENTOWN, PA 18101

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|  |  |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
PERSONAL INJURY, NEGLIGENCE, BREACH OF CONTRACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 04/,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  02/19/2026

SIGNATURE OF ATTORNEY OF RECORD  *Marc I. Rickles*

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Allentown, PA _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?           Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

***A.* Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

***B.* Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☒ 6. Other Personal Injury *(Please specify):* Nursing home
- ☐ 7. Products Liability
- ☒ 8. All Other Diversity Cases: *(Please specify)* Contract____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARSHA JAREMENKO, in her capacity as EXECUTRIX OF THE ESTATE OF DEMETRIO JAREMENKO**<br>561 Edward Street<br>Phillipsburg, NJ 08865 | NO. 26-1080 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED ON ALL ISSUES |
| **PARKLAND MANOR LLC**<br>4636 Crackersport Road<br>Allentown, PA 18104 | |
| Defendant. | |

## COMPLAINT

Plaintiff, Marsha Jaremenko, hereinafter "Jaremenko", in her capacity as personal representative and Executrix of the Estate of Demetrio Jaremenko, by and through her undersigned counsel, bring this Complaint against Defendant, Parkland Manor LLC, hereinafter "Parkland" and in support thereof, avers as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Marsha Jaremenko ("Jaremenko"), is an adult individual residing at 561 Edward Street, Phillipsburg, NJ 08865, and is acting in her capacity as the duly appointed Executrix of the Estate of Demetrio Jaremenko ("Decedent"), having been duly appointed by Stacey Huff, Deputy Surrogate of the State of New Jersey, Warren County Surrogate's Court on November 18, 2024.

2. Defendant, Parkland Manor LLC ("Parkland"), is a Pennsylvania limited liability company, with a principal address located at 4636 Crackersport Road, Allentown, PA 18104.

3. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC 1332, by virtue of diversity of citizenship, and the amount in controversy exceeds $75,000.

## FACTUAL BACKGROUND

4. At all times germane, Decedent was an elderly man of 75 years of age who resided with his wife, Marsha Jaremenko in Phillipsburg, New Jersey.

5. Decedent suffered from dementia and Parkinson's disease, conditions which significantly impaired his cognitive function, mobility, balance, and ability to care for himself.

6. Due to Decedent's increasing care needs, Jaremenko made the difficult decision to place Decedent in a professional nursing facility where he could receive appropriate skilled nursing care, medical attention, supervision, and assistance with activities of daily living.

7. On or about January 5, 2024, Jaremenko and Decedent entered into a Rental Agreement (hereinafter "Agreement") with Parkland for the admission, residency, and care of Decedent at the Parkland's facility located at 4636 Crackersport Road, Allentown, PA 18104. A true and correct copy of the Agreement is attached hereto as Exhibit "A".

8. Pursuant to the Agreement, Parkland agreed to provide Decedent with skilled nursing care, medical care, supervision, assistance with activities of daily living, a safe living environment, assistance with transfers in and out of bed, and other related services.

9. In exchange for these services, Jaremenko agreed to pay Parkland the sum of Six Thousand Five Hundred Dollars ($6,500.00) per month.

10. At the time of admission and at all times during his residency, Parkland knew or should have known that Decedent was a high fall risk requiring specialized care, supervision, and safety measures.

11. Almost immediately upon Decedent's admission to the Facility, Parkland began to demonstrate a pattern and practice of grossly negligent, reckless, and willful misconduct in the care and treatment of Decedent.

12. Beginning in January 2024 and continuing through April 2024, Decedent suffered at least twelve (12) falls while under Parkland's care and supervision at the Facility.

13. Each of these falls was preventable and occurred as a direct result of Parkland's negligence, inadequate staffing, failure to implement appropriate fall prevention protocols, failure to properly supervise Decedent, and willful disregard for Decedent's safety.

14. Despite this knowledge, Parkland failed to implement and maintain appropriate fall prevention measures, including but not limited to:

      a. Failing to maintain functional bed alarms;

      b. Failing to ensure bed alarm batteries were charged and operational;

      c. Failing to activate bed alarms when Decedent was in bed;

      d. Failing to respond promptly to bed alarms when activated;

      e. Failing to provide adequate staffing to monitor and supervise Decedent;

      f. Failing to conduct regular rounds and checks on Decedent;

      g. Failing to properly train staff in fall prevention protocols;

      h. Failing to implement an appropriate care plan to address Decedent's fall risk; and

      i. Failing to reassess and modify Decedent's care plan after each fall.

15. On information and belief, staff members at the Facility routinely ignored bed alarms, turned off bed alarms to silence them, or failed to activate bed alarms altogether, in violation of Decedent's care plan and accepted standards of care.

16. On multiple occasions, bed alarms were discovered to have dead batteries, rendering them non-functional and leaving Decedent without this critical safety device.

17. On other occasions, bed alarms were simply not set or activated for Decedent, despite his documented high fall risk status.

18. The repeated failures with bed alarms directly contributed to Decedent's numerous falls, as staff were not alerted when Decedent attempted to get out of bed unassisted.

19. As a direct and proximate result of Parkland's negligence and the repeated falls, Decedent sustained severe and painful injuries, including but not limited to:

     a. Broken ribs;

     b. A laceration on his leg;

     c. Extensive Bruising throughout his body;

     d. Hip pain;

     e. Laceration on his head; and

     f. Severe pain and suffering.

20. This accumulation of injuries from the previous falls necessitated Decedent's removal from the Facility due to the unsafe and dangerous conditions.

21. Parkland's failures to properly and timely report and document falls violated accepted standards of care and the Facility's own policies and procedures.

22. These failures also deprived Jaremenko of the ability to make informed decisions about Decedent's care and to take timely action to protect him from further harm.

23. In addition to physical neglect, Decedent was subjected to abusive treatment by Parkland's staff members, particularly during nighttime hours.

24. Upon information and belief, Parkland maintained grossly inadequate staffing levels at the Facility, failing to provide sufficient nursing staff, and other personnel to meet residents' needs and ensure their safety.

25. The repeated falls, failures to respond to alarms, inability to maintain basic cleanliness, and failures to properly monitor and care for Decedent demonstrate that the Facility was chronically understaffed.

26. Due to the accumulation of injuries, the dangerous conditions at the Facility, and Parkland's continued failures to provide adequate care, Decedent's family ultimately removed him from the Facility in or about April, 2024.

27. Following his removal from the Facility, Decedent passed away on or about September 24, 2024, of unrelated causes.

28. The Agreement contains an Addendum that states, *inter alia*, that "mediation must be completed before the parties may submit to non-binding arbitration or other legal process."

29. Following Decedent's removal from the Facility and in an effort to comply with the contractual mediation requirement, counsel for Jaremenko contacted Parkland and proposed mediation to resolve the claims arising from Parkland's negligent care of Decedent.

30. Despite repeated attempts by Jaremenko's counsel to engage Parkland and Parkland's counsel in the contractual mediation process over a period of approximately one year, with written requests and contacts on 2/3/2025, 2/14/25, 4/7/25, 5/3/25, 6/19/25, and 9/17/25, Parkland failed and refused to respond to Jaremenko's nonbinding mediation requests.

31. By failing to participate in the contractual mediation process, Parkland waived any right to enforce the mediation requirement and have demonstrated their unwillingness to resolve this matter through alternative dispute resolution.

32. Jaremenko has thus satisfied any contractual pre-suit requirements, and this action is properly before the Court.

## COUNT I: NEGLIGENCE
### Jaremenko v. Parkland

33. Jaremenko incorporates by reference all preceding paragraphs 1 through 32 as though fully set forth herein.

34. At all times relevant hereto, Parkland owed a duty of care to Decedent to provide him with reasonable and appropriate nursing care, medical treatment, supervision, and a safe living environment

in accordance with accepted standards of care for nursing facilities, and the express and implied terms of the Rental Agreement.

35. These duties include, but were not limited to:

1.  Conducting proper assessments of Decedent's condition, needs, and risks;

2.  Providing adequate staffing to meet Decedent's care needs;

3.  Properly training staff in fall prevention and other relevant protocols;

4.  Implementing and maintaining appropriate fall prevention measures, including functional bed alarms;

5.  Promptly responding to bed alarms and other safety devices;

6.  Providing adequate supervision and monitoring of Decedent;

7.  Maintaining a safe, clean, and sanitary environment;

8.  Promptly documenting and reporting falls and other incidents;

9.  Notifying family members of significant changes in condition and incidents, as above mentioned, within required timeframes; and

10. Providing competent and compassionate care in accordance with professional standards.

36. Parkland's breaches of its duties of care constitute gross and reckless negligence and willful misconduct in the care and treatment of Decedent..

37. As a direct and proximate result of Parkland's negligence, Decedent suffered severe physical injuries, pain and suffering, emotional distress, and a diminished quality of life during his final months.

**WHEREFORE,** Jaremenko respectfully requests that this Court enter judgment in its favor and against Parkland, and award damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), compensatory damages, punitive damages, together with pre-judgment and post-

judgment interest, costs, attorneys' fees where permitted by law, and such other and further relief as this Court deems just and proper.

## COUNT II: BREACH OF CONTRACT
### Jaremenko v. Parkland

38. Jaremenko incorporates by reference all preceding paragraphs 1 through 37 as though fully set forth herein.

39. Jaremenko entered into a written Rental Agreement with Parkland whereby Parkland agreed to provide Decedent with skilled nursing care, medical treatment, supervision, assistance with activities of daily living, a safe living environment, and related services. See Rental Agreement attached hereto as Exhibit "A".

40. In exchange, Jaremenko agreed to pay Parkland Six Thousand Five Hundred Dollars ($6,500.00) per month.

41. The Rental Agreement created a valid and enforceable contract between the parties.

42. The Rental Agreement contained express and implied terms requiring Parkland to provide Decedent with competent nursing care and medical treatment, adequate supervision, monitoring, and staffing, a safe and sanitary environment with functional safety equipment, proper incident documentation and family notification, fall prevention measures, dignified treatment, and care in accordance with applicable laws and professional standards.

43. Parkland materially breached the Rental Agreement by failing to provide the care and services they contracted to provide.

44. As a direct and proximate result of Parkland's material breaches of the Rental Agreement, Decedent and Jaremenko suffered damages as alleged herein.

**WHEREFORE,** Jaremenko respectfully requests that this Court enter judgment in its favor and against Parkland, and award damages in an amount in excess of Seventy-Five Thousand Dollars

($75,000.00), compensatory damages, punitive damages, together with pre-judgment and post-judgment interest, costs, attorneys' fees where permitted by law, and such other and further relief as this Court deems just and proper.

## COUNT III: PUNITIVE DAMAGES
### Jaremenko v. Parkland

45. Plaintiff, Jaremenko hereby incorporates by reference paragraphs 1 through 44 of this complaint as if the same were set forth fully at length herein.

46. The actions of Defendant Parkland Manor, as the health care provider, were willful, wanton and reckless indifference to the rights of the Plaintiff, caused serious harm to Decedent, including broken bones bruises and cuts, due to their lack of care.

47. As a result of Parkland Manor's employees' and supervisors' actions, or lack thereof, there was a high degree of probability that serious harm would result to the Decedent.

48. Parkland Manor's employees either knew or should have known that Decedent would be exposed to the danger of unnecessary serious injury and harm.

49. The risk to Decedent due to Parkland Manor's employees conduct during the course of his stay at their facility was obvious to Parkland Manor as the probabilities that harm would follow constitutes outrageous, continuous conduct with reference to their actions.

50. Parkland Manor violated a duty of care to Decedent, resulting in serious harm and pain and suffering which was unnecessary had they not violated their duty

51. The actions of the Defendant Parkwood Manor constitute behavior which is evidence of a reckless indifference to the interest of Decedent thereby further warranting the imposition of punitive damages.

52. The imposition of punitive damages is warranted against Parkland Manor for the forgoing reasons.

**WHEREFORE,** Jaremenko respectfully requests that this Court enter judgment in its favor and against Parkland, and award damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), compensatory damages, punitive damages, together with pre-judgment and post-judgment interest, costs, attorneys' fees where permitted by law, and such other and further relief as this Court deems just and proper.

**BEGLEY, CARLIN & MANDIO, LLP**

By: _____
Marc. I. Rickles, Esquire
Attorney I.D. No. 17649
123 W. Bridge Street
New Hope, PA 18938
*Attorney for Plaintiff*